# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAMIAN MICHAEL DAWSON, ) | |
| Petitioner, ) | |
| v.    ) | Case No. CIV-06-806-F |
| ) | |
| JOSEPH SCIBANA, WARDEN, ) | |
| Respondent. ) | |

## **REPORT AND RECOMMENDATION**

Petitioner, a federal prisoner appearing *pro se*, initiated this action by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Initial review of this matter reveals that Petitioner is not entitled to federal habeas corpus relief. It is therefore recommended that the Petition be summarily dismissed.[1]

Petitioner is currently in the custody of the Federal Bureau of Prisons (BOP) and incarcerated at FCI, El Reno. Petitioner alleges that his release date is February 10, 2007, and that as of August 10, 2006, he is eligible for placement in a Community Correction Center (CCC). Petitioner seeks injunctive relief from this Court, requesting the Court to order the BOP to transfer him to a CCC to serve the remainder of his sentence.

---

[1] Initial review and summary dismissal of the Petition is authorized by Rule 4 of the Rules Governing Section 2254 Cases which requires the Court to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief. . . ." The Rules Governing Section 2254 Cases may be applied at the Court's discretion to habeas petitions, such as the one in this action, brought pursuant to authority other than 28 U.S.C. § 2254. *See* Rule 1(b) of the Rules Governing Section 2254 Cases. *See also Boutwell v. Keating*, 399 F.3d 1203, 1207 n. 2 (10th Cir. 2005).

## Analysis

The federal habeas corpus statutes grant district courts jurisdiction to entertain petitions for habeas corpus relief only for persons who are in custody in violation of the constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  Petitioner does not claim a federal constitutional basis for habeas corpus relief.  Instead, Petitioner seeks relief pursuant to 18 U.S.C. § 3621(b) and § 3624(c). Section 3621(b) grants authority to the BOP to designate the place of the prisoner's imprisonment.  Section 3624(c) addresses placement in a CCC and provides:

> (c) Pre-release custody.--The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

18 U.S.C.A. § 3624(c).

Interpreting this provision, the Tenth Circuit Court of Appeals held in *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 469 (10th Cir. 1992), that "[n]othing in § 3624(c) indicates any intention to encroach upon the Bureau's authority to decide where the prisoner may be confined during the pre-release period."  The Court concluded, therefore, that § 3624(c) did not provide federal inmates with an enforceable entitlement to any particular form of pre-release custody and denied the prisoner's request for injunctive relief.  *Id*. at 469-470.  *See also Zamarripa v. Peterson*, 105 Fed. Appx. 253 (10th Cir. July 15, 2004)

(unpublished op.) (affirming sua sponte dismissal of § 2241 petition on grounds that "petitioner had no right pursuant to § 3624(c) to placement in any particular type of pre-release program"); *Brown v. Gross*, No. 95-3404, 1996 WL 218345 (10th Cir. May 1, 1996) (unpublished op.) (affirming sua sponte dismissal of civil rights complaint and finding that § 3624(c) did not afford prisoner a right to release to home confinement).

District courts addressing this issue have reached similar results. *See, e.g., Gambino v. Gerlinski*, 96 F. Supp.2d 456, 459 (M. D. Pa. 2000) (collecting cases), *aff'd*, 216 F.3d 1075 (3d Cir. 2000). These courts have concluded that § 3624(c) does not create a liberty interest. *Id*. *See also Lyle v. Sivley*, 805 F. Supp. 755, 760-761 (D. Ariz. 1992) (holding that § 3624(c) does not create a protected liberty interest and noting that "every other federal court to have addressed the question has reached the same result"). Consequently, Petitioner's claim does not allege a violation of the constitution or laws or treaties of the United States.

Petitioner also challenges the conditions of his confinement claiming he is in isolation in the Special Housing Unit, receives only one hour of sunlight per day and cannot participate in certain programming. He also claims prison staff have made threats against him. Because these claims do not implicate the length or duration of Petitioner's sentence, they are not cognizable under the federal habeas corpus statutes, but may be brought in a civil rights action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See, e.g., Boyce v. Ashcroft*, 251 F.3d 911, 914 (10th Cir.2001) ("[P]risoners who want to challenge their convictions, sentences or administrative

actions which revoke good-time credits, or who want to invoke other sentence-shortening procedures, must petition for a writ of habeas corpus. Prisoners who raise constitutional challenges to other prison decisions -- including transfers to administrative segregation, exclusion from prison programs, or suspension of privileges, *e.g.* conditions of confinement, must proceed under Section 1983 or *Bivens*.")) (citation omitted), *vacated as moot*, 268 F.3d 953 (10th Cir.2001).² Therefore, *sua sponte* dismissal of Petitioner's condition of confinement claims is proper but dismissal should be without prejudice to refiling such claims in a civil rights action.

In sum, Petitioner has failed to state a claim for federal habeas relief. His Petition, therefore, should be summarily dismissed.

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that the Petition for Writ of Habeas Corpus [Doc. #6] be summarily dismissed. Petitioner is advised of the right to object to this Report and Recommendation by October __16th__, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1, by filing any objections with the Clerk of the District Court. Failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

---

²Petitioner may also be able to bring an action under either 28 U.S.C. § 1331 or 28 U.S.C. § 1361 for relief in the nature of either injunction or mandamus. *See Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1236 (10th Cir. 2005).

The Court Clerk is directed to mail a copy of this Report and Recommendation to the Respondent and to the United States Attorney for the Western District of Oklahoma on behalf of Respondent for informational purposes.

This Report and Recommendation disposes of all matters referred to the Magistrate Judge in this case.

ENTERED this __25th__ day of September, 2006.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE